Kansas City Southern Railway Company v. Simmons.

Opinion delivered October 6, 1919.

1. Railroads—killing cow—evidence.—In an action for the killing of plaintiff's cow, the evidence held sufficient to sustain a verdict against the railway company.

2. Railroads — killing of a cow — instruction — presumption—harmless error.—While an instruction is improper which charges that if plaintiff's cow was found dead on defendant's railway company's right-of-way, a *prima facie* case of negligence is made out, because it must also appear that the dead animal was struck by a train, the error is harmless in a case where it was not questioned that the cow was killed by one of defendant's trains.

3. Same—same—duty to keep lookout.—A defendant railway company is liable for the killing of a cow by one of its trains, if the defendant's servants could have seen the cow by discharging their duty in keeping a lookout, and in the exercise of ordinary care could have prevented the killing.

4. Same—same—behavior of animals—presumption.—There is no presumption which may be indulged by a locomotive engineer that any animal upon the track will get off before being struck by the train.

Appeal from Little River Circuit Court; *James S. Steel,* Judge; affirmed.

*June R. Morrell* and *James B. McDonough,* for appellant.

1. The court erred in not directing a verdict for defendant. The uncontradicted evidence of the engineer and fireman when reasonable, as here, as a matter

o

of law overcomes the presumption of negligence and authorizes a verdict for defendant. 78 Ark. 234; 66 *Id.* 439; 67 *Id.* 514; 89 *Id.* 120; 53 *Id.* 96; 69 *Id.* 659. The evidence here is fully set out and is conclusive that there was no negligence on part of appellant or trainmen. Mere guesses are not sufficient; the evidence must be substantial as here. 122 Ark. 445. The engineer was not required to slow up, 37 Ark. 593, nor to stop. 119 *Id.* 316. The cow was standing in a place of safety. 119 Ala. 611; 29 So. 594. She was not on the track and no movement indicated that she would go on the track. 39 S. W. 320; *Ib.* 31. See also 21 So. 249; 28 *Id.* 806.

2. The court erred in giving the instruction as to *prima facie* case of negligence and the shifting of the burden of proof. It was misleading and prejudicial. 60 Ark. 187; 56 *Id.* 549; 42 *Id.* 122.

3. The court erred in giving instructions on issues not involved. 9 Ark. 312; 37 *Id.* 593. An instruction not based upon the evidence is prejudicial error. 105 Ark. 378; 119 *Id.* 530; 77 *Id.* 234; 110 *Id.* 188. For errors in instructions, see 37 Ark. 593. The animal was on the right-of-way. 99 *Id.* 226; 24 So. 373; 21 *Id.* 249.

4. It was error to refuse No. 3 for defendant. Cases *supra.*

*A. P. Steel* and *Langley & Johnson,* for appellee.

There is no error in the instructions given or refused. The law of this case is well settled by 89 Ark. 129; 68 *Id.* 32, and *Railway Co.* v. *Whitley,* 139 Ark. 255, this court just decided. Justice has been done and the judgment should be affirmed.

SMITH, J. Appellant railway company seeks a reversal of the judgment in this case upon the ground, first, that it is unsupported by the testimony, and upon the second ground that error was committed in giving and refusing to give instructions to the jury.

As to the first assignment of error it may be said that the testimony on the part of appellee (who brought this suit to recover damages against the railway com-

pany for killing his cow) was substantially as follows: Appellee found his cow lying dead near the railroad tracks and in relating what he observed there testified as follows: "I got back down the road and could see where the cow, or something, had been there in the rocks, had run for fifty or sixty yards, something like that, back up the other side of there, north of there. It seemed, when the cow started to run she was right about the center of the track, but just before I got to where the cow was at she got over near the west rail. There was not a mark on her body. It seemed like she had been hit in her hind quarters and her rectum had been punched out, kind of turning wrong side out."

It is pointed out by counsel for appellant that the witness could not and did not identify the tracks as having been made by his cow. Nevertheless we think this was an inference which might fairly have been drawn by the jury from the testimony set out above.

The engineer and fireman testified that when they first saw the cow it was about a quarter of a mile distant and that it was standing on the right-of-way with other cattle and gave no indication that it was about to go upon the track until the train was about one hundred and fifty feet away, when the cow suddenly started across the track. The cow did not get across the track but got close enough for the pilot beam of the engine to hit its head and kill it; and that the collision was unavoidable.

(1) It must be admitted that the testimony of the engineer and fireman exonerates the railroad company from blame or liability, and its counsel invokes the doctrine of those cases in which it has been held that where the testimony of the engineer and fireman in charge of a locomotive is consistent, reasonable and uncontradicted, and shows that the killing of an animal was unavoidable, the judgment in favor of the plaintiff will be reversed. But the testimony of the operatives of the locomotive was not so consistent, reasonable and uncontradicted that only by acting arbitrarily could the jury have disregarded it. There is an irreconcilable conflict between the

testimony of appellee and the inferences reasonably deducible therefrom and that given by the engineer and fireman; and the testimony of appellee if accepted by the jury was legally sufficient to support the verdict.

(2)   Among other instructions to which an exception was saved is the following: ''The court instructs you that if you believe from the evidence in this case that plaintiff's cow was found killed or injured on the right-of-way of defendant's road, that this makes a *prima facie* case of negligence against the defendant, and the burden then shifts on the defendant to show that said cow was not killed by its negligence in the operation of its train.''

It is pointed out that the instruction is erroneous in that it makes the finding of a dead or injured animal on the right-of-way of defendant's road a *prima facie* case of negligence, whereas a presumption of negligence arises only when it is shown that the animal was struck by a train.   The instruction is open to the objection stated; but that error is harmless as it is not questioned that the animal was killed by one of appellant's trains.

(3)   Another instruction to which exceptions were saved reads as follows: ''The court instructs the jury that if you find from the evidence in this case that the defendant's servants could have seen the cow killed in this action, by discharging their duty in keeping a lookout, and in the exercise of ordinary care prevented the killing, you will find for the plaintiff.''

It is said this instruction is prejudicial because the engineer admits having seen the animal.   But it will be remembered that in making this admission he so stated the facts as to make a case of non-liability, and, as we have shown, was contradicted in doing so, and the jury may, therefore, have disregarded his testimony.   The instruction is a correct declaration of the law and under the circumstances it was not prejudicial to tell the jury what the duty of appellant was in having a lookout kept and the consequence of a failure to keep it.

An instruction requested by appellant and refused by the court announced the law to be that the engineer

had the right to operate the train upon the assumption that any animal on the track would get off before being struck by the train and to act upon that assumption. This instruction imputes reason and discretion as well as caution to a cow, and is, of course, erroneous on that account.*

An instruction numbered 3, requested by appellant, was refused; but the propositions of law there announced appear to have been substantially covered by another instruction requested by appellant numbered 4, which was given.

Finding no prejudicial error, the judgment is affirmed.

*(NOTE)—See *Kansas City Sou. Ry. Co. v. McCrossen,* p. 68.—(Reporter).